## RUBNITZ et al. v. ROSEFF.

(Supreme Court, Appellate Term. April 8, 1910.)

HUSBAND AND WIFE (§ 232*)—SALES TO WIFE—EVIDENCE—SUFFICIENCY.

In an action against a wife for work done and materials furnished, defended on the ground that the work was performed and materials furnished for and at the risk of the husband, evidence *held* not to support a recovery against the wife.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 232.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Morris M. Rubnitz and another against Mrs. Philip Roseff, also known as Lena Roseff. From a judgment for plaintiffs, rendered in the Municipal Court of the City of New York, after trial ·before the court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Max D. Quitman, for appellant.
William D. Shuman, for respondents.

PER CURIAM. The plaintiffs sued to recover for work performed, consisting of embroidering cloaks, suits, and other goods, and for materials furnished, consisting of cotton and embroideries incident to the work performed. The defense was that the work was performed and the materials furnished for and at the request of the defendant's husband.

The plaintiff was his sole witness, and gave testimony to the effect that all of his transactions were had with the defendant, who stated to him that she owned and conducted the business where the cloaks, suits, and other goods embroidered by the plaintiffs were sold. He further testified that he transacted no business with the defendant's

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

husband during the period in which the services were rendered and the materials furnished. His testimony was impeached by bills made out by the plaintiffs, addressed and sent to the defendant's husband, which show that during the period in question he was dealing continuously with the defendant's husband. Both the defendant and her husband denied that the defendant owned and operated the business in question, and both testified that the defendant's husband owned and operated it. Both also testified that all the business relations had with the plaintiff were had for and on behalf of the defendant's husband.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event.